**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AUXILIOR CAPITAL PARTNERS, INC.** | **CIVIL ACTION NO. 2:25-cv-01066** |
| **Plaintiff,** | |
| **vs.** | **JUDGE GREG GERARD GUIDRY** |
| **AHA HUTS, LLC,** **THE PENITIGRI GROUP LLC, AND** **LISA ALBERT,** | **MAGISTRATE JUDGE JANICE VAN MEERVELD** |
| **Defendants.** | |

**AUXILIOR CAPITAL PARTNERS, INC.'s**
**AFFIRMATIVE DEFENSES AND ANSWER TO COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Auxilior Capital Partners, Inc. ("Auxilior"), in response to the counterclaim alleged by Defendants and Counterclaim-Plaintiffs, AHA Huts, LLC and The Penitigri Group LLC ("Counterclaim-Plaintiffs"), represents:

**AFFIRMATIVE DEFENSES**

Auxilior asserts the following defenses to the counterclaim of Counterclaim-Plaintiffs:

**First Defense**

Counterclaim-Plaintiffs fail to state a claim upon which relief can be granted.

**Second Defense**

The relief sought by Counterclaim-Plaintiffs is barred by their own contractual breaches, negligence, and/or failure to perform in good faith.

**Third Defense**

The relief sought by Counterclaim-Plaintiffs is barred, in whole or in part, by law, or should be reduced in kind.

1

### Fourth Defense

The relief sought by Counterclaim-Plaintiffs is barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, setoff, and/or waiver.

### Fifth Defense

Any loss sustained by Counterclaim-Plaintiffs was due to their own acts or omissions, or the acts or omissions of persons or entities over whom Auxilior exercised no control and/or with whom Auxilior had no relationship.

### Sixth Defense

To the extent that the Counterclaim purports to allege breach of the standard of care allegedly owed by Auxilior to Counterclaim-Plaintiffs, Auxilior specifically denies that it breached any such duty of care.

### Seventh Defense

Counterclaim-Plaintiffs' claims should be barred based on the doctrines of contributory negligence and/or comparative fault of Counterclaim-Plaintiffs, and the doctrine of comparative fault of other persons or entities who failed to exercise the degree of care required by the law.

### Eighth Defense

Auxilior's claims are barred based upon superseding and/or intervening factors, events, or entities not within the control of Auxilior.

### Ninth Defense

Auxilior's conduct was not the legal cause of any damages alleged in the Counterclaim.

2

**Tenth Defense**

The relief sought by Counterclaim-Plaintiffs is barred because Auxilior has, at all times, acted in accordance with the Forbearance Agreements, met its contractual obligations, and acted in good faith.

**Eleventh Defense**

Counterclaim-Plaintiffs have not suffered any damages caused by an alleged breach of contract by Auxilior.

**Twelfth Defense**

Counterclaim-Plaintiffs failed to mitigate their alleged damages, if any.

AND FURTHER RESPONDING, Auxilior answers the allegations in Defendant's Counterclaim as follows:

**1.**

The allegations in ¶ 1 of the Counterclaim do not require a response from Auxilior. However, out of an abundance of caution, Auxilior denies the allegations contained in ¶ 1 of the Counterclaim.

**2.**

Auxilior admits that it has submitted to the jurisdiction of this Court by filing its complaint in the captioned matter. Auxilior denies the remaining allegations in ¶ 2 of the Counterclaim.

**3.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on

3

or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. Auxilior denies the remaining allegations in ¶ 3 of the Counterclaim.

**4.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. Auxilior denies the remaining allegations in ¶ 4 of the Counterclaim.

**5.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶ 5 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶ 5 of the Counterclaim.

**6.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶ 6 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶ 6 of the Counterclaim.

#110703910v3

**7.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶ 7 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶ 7 of the Counterclaim.

**8.**

Auxilior denies the allegations in ¶ 8 of the Counterclaim.

**9.**

Auxilior denies the allegations in ¶ 9 of the Counterclaim.

**10.**

Auxilior denies the allegations in ¶ 10 of the Counterclaim.

**11.**

Auxilior denies the allegations in ¶ 11 of the Counterclaim.

**12.**

Auxilior denies the allegations in ¶ 12 of the Counterclaim.

**13.**

Auxilior denies the allegations in ¶ 13 of the Counterclaim.

**14.**

Auxilior denies the allegations in the prayer for relief that begins with the word "wherefore."

#110703910v3

**WHEREFORE**, Auxilior Capital Partners, Inc., prays that after due proceedings this Court render a judgment in its favor, dismissing the Counterclaim of Defendants and Counterclaim-Plaintiffs, AHA Huts, LLC, and The Penitigri Group, with prejudice; awarding Auxilior all costs and expenses to which Auxilior may be entitled in defending the Counterclaim; and awarding Auxilior all legal, equitable, general, or other relief to which Auxilior may be entitled in this legal action involving the Counterclaim.

Respectfully submitted,

*/s/ David M. Kerth*
**David M. Kerth (Bar Roll No. 25126)**
**Jones Walker LLP**
445 North Blvd.
Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2048
Facsimile: (225) 248-3048
dkerth@joneswalker.com

and

**Graham H. Ryan (LA Bar No. 34070)**
**Jones Walker LLP**
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8370
Telefax: (504) 589-8370
gryan@joneswalker.com

***Counsel for the Plaintiff,***
***Auxilior Capital Partners, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record this 11th day of February, 2026, by operation of this Court's CM/ECF system.

*/s/ David M. Kerth*
David M. Kerth

6

#110703910v3