UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUXILIOR CAPITAL PARTNERS, INC.**<br><br>     **Plaintiff,**<br><br>**vs.**<br><br>**AHA HUTS, LLC,**<br>**THE PENITIGRI GROUP LLC, AND**<br>**LISA ALBERT,**<br><br>     **Defendants.** | **CIVIL ACTION NO. 2:25-cv-01066**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE JANICE VAN MEERVELD** |

**AUXILIOR CAPITAL PARTNERS, INC.'s**
**AFFIRMATIVE DEFENSES AND ANSWER TO COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Auxilior Capital Partners, Inc. ("Auxilior"), in response to the counterclaim alleged by Defendant and Counterclaim-Plaintiff, Lisa Albert ("Counterclaim-Plaintiff"), represents:

**AFFIRMATIVE DEFENSES**

Auxilior asserts the following defenses to the counterclaim of Counterclaim-Plaintiff:

*First Defense*

Counterclaim-Plaintiff fails to state a claim upon which relief can be granted.

*Second Defense*

The relief sought by Counterclaim-Plaintiff is barred by her own contractual breaches, negligence, and/or failure to perform in good faith.

*Third Defense*

The relief sought by Counterclaim-Plaintiff is barred, in whole or in part, by law, or should be reduced in kind.

1

### Fourth Defense

The relief sought by Counterclaim-Plaintiff is barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, setoff, and/or waiver.

### Fifth Defense

Any loss sustained by Counterclaim-Plaintiff was due to her own acts or omissions, or the acts or omissions of persons or entities over whom Auxilior exercised no control and/or with whom Auxilior had no relationship.

### Sixth Defense

To the extent that the Counterclaim purports to allege breach of the standard of care allegedly owed by Auxilior to Counterclaim-Plaintiffs, Auxilior specifically denies that it breached any such duty of care.

### Seventh Defense

Counterclaim-Plaintiff's claims should be barred based on the doctrines of contributory negligence and/or comparative fault of Counterclaim-Plaintiffs, and the doctrine of comparative fault of other persons or entities who failed to exercise the degree of care required by law.

### Eighth Defense

Auxilior's claims are barred based upon superseding and/or intervening factors, events, or entities not within the control of Auxilior.

### Ninth Defense

Auxilior's conduct was not the legal cause of any damages alleged in the Counterclaim.

### Tenth Defense

The relief sought by Counterclaim-Plaintiff is barred because Auxilior has, at all times, acted in accordance with the Forbearance Agreements, met its contractual obligations, and acted in good faith.

### Eleventh Defense

Counterclaim-Plaintiff has not suffered any damages caused by an alleged breach of contract by Auxilior.

### Twelfth Defense

Counterclaim-Plaintiff failed to mitigate her alleged damages, if any.

**AND FURTHER RESPONDING**, Auxilior answers the allegations in Defendant's Counterclaim as follows:

### 1.

The allegations in ¶1 of the Counterclaim do not require a response from Auxilior. However, out of an abundance of caution, Auxilior denies the allegations contained in ¶1 of the Counterclaim.

### 2.

Auxilior admits that Lisa Albert executed a personal guarantee dated August 31, 2022, in favor of Auxilior pursuant to which Lisa Albert is obligated irrevocably, absolutely, and unconditionally, solidarily, jointly and severally, for the full and prompt payment of all amounts payable under the Loan and Security Agreement, Agreement No. 1002571, dated August 31, 2022 (the "Loan Agreement") by and between Auxilior, as lender, and AHA Huts, LLC ("AHA" or "Borrower"), as borrower, and certain other loan documents from time to time executed and

3

delivered to Auxilior in connection with the Loan (collectively, the "Loan Documents").  In further response, the allegations in ¶2 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶2 of the Counterclaim.

**3**.

Auxilior admits that it has submitted to the jurisdiction of this Court by filing its complaint in the captioned matter. Auxilior denies the remaining allegations in ¶3 of the Counterclaim.

**4.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. Auxilior denies the remaining allegations in ¶4 of the Counterclaim.

**5.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. Auxilior denies the remaining allegations in ¶5 of the Counterclaim.

**6.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. Auxilior denies the remaining allegations in ¶6 of the Counterclaim.

4

**7.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶7 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶7 of the Counterclaim.

**8.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶8 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶8 of the Counterclaim.

**9.**

Auxilior admits that it entered into two Forbearance Agreements with AHA Huts, LLC, as borrower, and Lisa Albert and The Penitigri Group, as guarantors, on February 29, 2024, and on or about June 25, 2025. Auxilior further avers that the Forbearance Agreements are the best evidence of their contents. In further response, the allegations in ¶9 call for a legal conclusion and do not require an answer, but, out of an abundance of caution Auxilior denies the remaining allegations in ¶9 of the Counterclaim.

**10.**

Auxilior denies the allegations in ¶10 of the Counterclaim.

**11.**

Auxilior denies the allegations in ¶11 of the Counterclaim.

**12.**

Auxilior denies the allegations in ¶12 of the Counterclaim.

**13.**

Auxilior denies the allegations in ¶13 of the Counterclaim.

**14.**

Auxilior denies the allegations in ¶14 of the Counterclaim.

**15.**

Auxilior denies the allegations in ¶15 of the Counterclaim.

**16.**

Auxilior denies the allegations in the prayer for relief that begins with the word "wherefore."

**WHEREFORE**, Auxilior Capital Partners, Inc., prays that after due proceedings this Court render a judgment in its favor, dismissing the Counterclaim of Defendant and Counterclaim-Plaintiff, Lisa Albert, with prejudice; awarding Auxilior all costs and expenses to which Auxilior may be entitled in defending the Counterclaim; and awarding Auxilior all legal, equitable, general, or other relief to which Auxilior may be entitled in this legal action involving the Counterclaim.

Respectfully submitted,

/s/ David M. Kerth
**David M. Kerth (Bar Roll No. 25126)**
**Jones Walker LLP**
445 North Blvd.
Suite 800
Baton Rouge, LA 70802

Telephone: (225) 248-2048
Facsimile: (225) 248-3048
dkerth@joneswalker.com

and

**Graham H. Ryan (LA Bar No. 34070)**
**Jones Walker LLP**
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8370
Facsimile: (504) 589-8370
gryan@joneswalker.com

***Counsel for the Plaintiff,***
***Auxilior Capital Partners, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record this 2nd day of April, 2026, by operation of this Court's CM/ECF system.

*/s/ David M. Kerth*
David M. Kerth

7